IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Santikos Theaters, LLC,
4630 N Loop 1604 W
San Antonio, TX 78249,

        Plaintiff,

  v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

        Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Santikos Theaters, LLC ("Santikos" or the "Company"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible businesses, including motion picture theater

operators, impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Beginning in early spring 2020, unprecedented pandemic-related government restrictions substantially impacted Santikos' business. As the operator of nine motion picture theaters in Texas, the Company's earned revenue decreased by over 90% in the second, third, and fourth quarters of 2020 as compared to earned revenue in the same quarters of 2019. Government restrictions continued into 2021, forcing Santikos to operate at limited capacity and further adding to the Company's pandemic-induced financial struggles. Santikos requires an SVOG award to support ongoing operations—exactly the purpose of the SVOG Program.

4. Relying upon Frequently Asked Questions (FAQs) published by the SBA, Santikos submitted a single SVOG application because it only had one Employer Identification Number (EIN) for all nine theaters and the FAQs explicitly stated: "Only one SVOG application and award will be allowed per EIN." FAQ #15 (Apr. 8, 2021). That application was granted and Santikos received a grant in the amount of $10 million, the maximum single award amount.

5. Subsequently, the SBA revised the FAQ on the number of SVOG applications and awards per EIN to state that two eligible entities could apply for separate awards using the same EIN. FAQ #218 (July 22, 2021).

6. Because Santikos has multiple theaters that use the same EIN, the Company was entitled to seek additional awards under the revised FAQ. Santikos made several attempts to apply for additional awards, but was never able to submit an additional application for any of its nine theaters. The Company also sought reconsideration of its total award amount, but to no avail.

7. Had Santikos been able to submit additional applications, the Company would have been awarded an additional $19,288,810.

8. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though the Company demonstrated entitlement to additional relief funds, it may receive no additional assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Company's reconsideration request.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

10. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

11. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

12. Plaintiff Santikos Theaters, LLC is the operator of motion picture theaters located in Central Texas. Louis Santikos, a Greek immigrant to Texas, founded the Santikos motion picture brand in 1911. After changing ownership several times over almost a century in operation, Louis Santikos' son purchased the theaters in 2001 and established Santikos Theaters, LLC in 2003.

13. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

14. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

### A. Shuttered Venue Operators Grant Program

15. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues, including motion picture theaters. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

16. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

17. An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019 up to a maximum award of $10 million. 15 U.S.C. § 9009a(c).

18. Eligible entities under the Act include motion picture theatre operators, live venue operators, as well as talent representatives, live performing arts organization operators, theatrical producers, live venue promoters, and museum operators. 15 U.S.C. § 9009a(a)(1)(A).

19. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange or presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

20. In a FAQ published on April 8, 2021, the SBA advised applicants that only one application and one SVOG award would be allowed per EIN.

21. In a FAQ published on July 22, 2021, the SBA reversed course and advised applicants that two eligible entities could apply for a SVOG award using the same EIN and receive separate awards, up to a maximum of $10 million for each entity applying.

**B.    Santikos' SVOG Request for Reconsideration and the SBA's Denial**

22. On April 27, 2021, Santikos' applied for a SVOG award of $10,000,000 using the single EIN for its multiple theaters.

23. On June 18, 2021, Santikos received a SVOG award of $10,000,000, the maximum amount allowed by the SBA at the time for multiple entities applying with a single EIN.

24. On July 22, 2021, the SBA revised policy and allowed eligible entities using the same EIN to submit multiple applications and receive multiple awards.

25. In July and August 2021, Santikos made multiple attempts to submit additional applications using the same EIN as Santikos used to receive an award on June 18, 2021.

26. The SBA's on-line portal would not allow Santikos to submit additional applications.

27. Had Santikos been able to submit additional applications, Santikos would have been awarded an additional $19,288,810.

28. On November 29, 2021, Santikos received an email from the SBA inviting Santikos to submit information under the "Reconsideration 2.0" process "to correct any potential errors on your initial SVOG application which may have decreased your expected award amount. Completing this Action Item will allow you to review and revise the information you have provided to SBA. Revisions may result in a change to your initial award amount . . . ."

5

29. On November 29, 2021, Santikos submitted information to the SBA demonstrating entitlement to additional SVOG award funds of $19,288,810 based upon the eligibility of its multiple theaters under the July 22, 2021 FAQ.

30. On December 28, 2021, the SBA rejected Santikos' request for a further award, stating only that the "SBA calculated that you are ineligible for additional funds." The SBA email communicating the decision provided no explanation of why Santikos was found ineligible for additional funds.

31. The SBA's December 28, 2021 email denial of the Company's request for reconsideration is the agency's final decision.

32. On information and belief, the SBA approved SVOG awards for a number of companies, including Look Cinema I, LLC, Look Cinema II, LLC, and Look Cinema III, LLC that reorganized their operations immediately prior to applying for an SVOG grant to evade the SBA's restrictions on multiple entities applying under one EIN, breaking apart into separate entities and registering individual EINs for each new entity to qualify for more than $10 million in SVOG awards.

33. On information and belief, a number of companies were allowed to file multiple applications after July 22, 2021 using the same EIN, thus receiving far in excess of $10 million for a single EIN.

**CLAIMS FOR RELIEF**

34. The courts recognize a strong presumption favoring judicial review of administrative action.

35. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

36. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

37. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

38. The SBA is an "agency" whose final actions are reviewable under the APA.

**COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION**

39. Santikos realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. A basic requirement of administrative law is that an agency explain the reasoning behind its decisions. However, the SBA gave Santikos only a conclusory decision that does not explain the agency's reasoning in denying the Company's request for additional SVOG awards totaling $19,288,810.

41. The SBA's decision on Santikos' request for reconsideration conflicts with the evidence of the Company's eligibility for additional awards that Santikos presented to the SBA.

42. The SBA further erred by treating Santikos disparately from similarly situated businesses that were granted SVOG awards. Such disparate treatment only further hinders the

Company's ability to compete in the marketplace and adds injury to a company struggling to recover from a significant pandemic-induced drop in revenue.

43. For each of these reasons, the SBA's denial of Santikos' SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

44. Santikos' realleges and incorporates by reference each of the preceding paragraphs and allegations.

45. Santikos' satisfies the Act's eligibility criteria for additional SVOG awards as a motion picture theater operator with nine theaters.

46. The SBA's denial of the Company's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

47. Santikos' realleges and incorporates by reference each of the preceding paragraphs and allegations.

48. The SBA's denial of Santikos' request for reconsideration is supported by no evidence in the record, let alone substantial evidence. The Company's request for reconsideration presented evidence which demonstrates Santikos' eligibility for $19,288,810 in additional SVOG award funds.

49. The SBA's denial of the Company's SVOG request for reconsideration is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Santikos respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of the Company's request for additional SVOG award funds of $19,288,810.

2. Preliminarily and permanently order Defendants to consider the Company's request for reconsideration of the SVOG award amount consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Santikos an additional $19,288,810 in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's additional SVOG award.

5. Award Plaintiff its costs and reasonable attorney fees; and

6. Grant such other and further relief as the Court deems just and proper.


Dated: April 1, 2022

Respectfully submitted,

/s/ Caroline L. Wolverton
_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Santikos Theaters, LLC*